UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANE DOE,                                                                    Civil Action No.

                                 Plaintiff,

   -against-                                                                       **COMPLAINT**

BERGDORF GOODMAN INC. and
LORNA BROWN individually, and
JULIA CHIEN individually, and
HARRY CHEN individually, and
MARIA LOCCISANO individually,

                                                                Plaintiff Demands a Trial
                                                               By Jury

                             Defendants.
------------------------------------------------------------------------X

Plaintiff, JANE DOE, (hereinafter referred to as "Plaintiff" or "PLAINTIFF DOE"), by and through Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for Plaintiff's Complaint in this action against the Defendants, (hereinafter collectively referred to as Defendants), respectfully alleges as follows upon information and belief:

**NATURE OF CASE**

1. This action arises out of the unlawful discrimination, hostile work environment, retaliation and unlawful wrongful termination of Defendants against Plaintiff DOE.

2. Plaintiff DOE complains pursuant to the Family and Medical Leave Act of 1993 ("FMLA") as amended, the Americans with Disabilities Act of 1990 ("ADA") as amended, the laws of the State of New York, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory and injunctive relief and

1

damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, disability discrimination, FMLA interference, hostile work environment, retaliation and unlawful wrongful termination by Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the FMLA and the ADA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff filed a complaint with the New York City Commission on Human Rights around August, 2017, thus tolling certain applicable ADA, NYSHRL and NYCHRL statutes of limitations pursuant to N.Y. City Admin. Code § 8-502(d).

7. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue letter from the EEOC.

8. Venue is proper because the events giving rise to Plaintiff's claims in New York County within the Southern District of New York.

## PARTIES

9. Plaintiff DOE is an individual woman suffering from a documented mental health disability that is considered a disability under New York State and City law, who is a resident of the State of New York, County of Queens.

10. At all times material, Defendant BERGDORF GOODMAN INC. (hereinafter "BERGDORF" or "Defendant BERGDORF" is a domestic business corporation duly existing by virtue of the laws of the State of New York that does business in the State of New York. Defendant BERGDORF GOODMAN INC.'s principal place of business is located at 754 Fifth Avenue, New York, New York 10019.

11. At all times material, Defendant LORNA BROWN (hereinafter "BROWN" or "Defendant BROWN") was and is an individual female who is a resident of the State of New York.

12. At all times material, Defendant BERGDORF employed Defendant BROWN as a Lead Coordinator. Defendant BROWN was employed by Defendant BERGDORF.

13. At all times material, Defendant JULIA CHIEN (hereinafter "CHIEN" or "Defendant CHIEN") was and is an individual female who is a resident of the State of New York.

14. At all times material, Defendant BERGDORF employed Defendant CHIEN as a Director of Strategic Initiatives. Defendant CHIEN held a supervisory position at Defendant BERGDORF, controlling many tangible aspects of Plaintiff's job duties, including holding the power to control Plaintiff's work, discipline Plaintiff and hire and fire Plaintiff.

15. At all times material, Defendant HARRY CHEN (hereinafter "CHEN" or "Defendant CHEN") was and is an individual male who is a resident of the State of New York.

16. At all times material, Defendant CHEN held supervisory authority over Plaintiff with regards to her employment. At all times material, Defendant BERGDORF employed Defendant CHEN

as a Human Resources Supervisor. Defendant CHEN held a supervisory position at Defendant BERGDORF, controlling many tangible aspects of Plaintiff's job duties, including holding the power to control Plaintiff's work, discipline Plaintiff and hire and fire Plaintiff.

17. At all times material, Defendant MARIA LOCCISANO (hereinafter "LOCCISANO" or "Defendant LOCCISANO") was and is an individual female who is a resident of the State of New York.

18. At all times material, Defendant LOCCISANO held supervisory authority over Plaintiff with regards to her employment. At all times material, Defendant BERGDORF employed Defendant LOCCISANO as a Human Resources Manager. Defendant LOCCISANO held a supervisory position at Defendant BERGDORF, controlling many tangible aspects of Plaintiff's job duties, including holding the power to control Plaintiff's work, discipline Plaintiff and hire and fire Plaintiff.

19. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable statutes.

20. At all times material, Defendant BERGDORF employed over fifteen employees.

21. At all times material, Defendant BERGDORF employed over fifty (50) employees at, or within a seventy-five (75) mile radius of, it's Manhattan location, which was the location where the acts and omissions that form the basis of this lawsuit occurred.

## MATERIAL FACTS

22. Plaintiff is seeking damages to redress the injuries that Plaintiff has suffered as a result of being discriminated against by Plaintiff's employer on the basis of Plaintiff's disability together with FMLA interference, hostile work environment and retaliation.

23. On or around June 1, 2015 Defendants hired Plaintiff as a client service specialist.

24. Plaintiff suffers from a medically documented mental health impairments, bipolar disorder and depression, that substantially impacts Plaintiff's major life activities.

25. Bipolar disorder and depression are a qualifying mental health impairments/disabilities under the ADA, FMLA, NYSHRL and NYCHRL.

26. During the period of about January, 2016 to about May, 2016, Plaintiff experienced difficulties that were attributable to her disability.

27. In or around May, 2016, Plaintiff participated in a discussion with Defendants CHEN and CHIEN regarding her disability, her depression and the disciplinary warnings that resulted from Plaintiff's disability. Following this discussion, CHEN instructed Plaintiff to take two (2) weeks' leave under the FMLA to seek treatment for her disability. Accordingly, Plaintiff took the time off and obtained treatment as instructed.

28. In or around early June, 2016, after her treatment yielded improvement in her condition enough so that Plaintiff could resume work and Plaintiff returned to work.

29. Over the several months after Plaintiff returned from her FMLA leave, her workplace performance markedly improved compared to how it had been prior to the FMLA leave and she did not receive any disciplinary warnings or complaints.

30. Almost immediately after returning to work from her 2-week FMLA leave, Plaintiff began receiving antagonistic and insulting comments from Defendant BROWN.

31. By way of example only, BROWN often greeted Plaintiff in a demeaning and discriminatory manner such as "Hey, crazy."

32. BROWN did not routinely call any other employees "crazy."

33. BROWN referred to Plaintiff as "crazy" in front of and to other co-workers, often multiple times a day. Some of the co-workers who witnessed BROWN referred to Plaintiff in these discriminatory ways were Georgia Goodale, Anita Ortega and Dawn [last name unknown at present].

34. BROWN's insults and inappropriate comments steadily became more frequent and malicious, regularly making reference to the FMLA leave Plaintiff had taken earlier in the year to seek treatment for her disabilities. BROWN knew that because of Plaintiff's disability, she was particularly sensitive to being called "crazy".

35. Despite Plaintiff repeatedly informing BROWN that such behavior was inappropriate and her numerous requests for her supervisor to intervene and stop BROWN's consistent discriminatory harassment, Plaintiff was referred to as "crazy" by BROWN on a nearly daily basis.

36. Plaintiff informed Defendant CHEN, who was aware of Plaintiff's mental health impairments, that BROWN's taunting and harassment were particularly harmful to Plaintiff's mental health and wellbeing.

37. Despite CHEN's awareness that being called "crazy" was particularly damaging and harmful to Plaintiff, CHEN failed to act on Plaintiff's numerous complaints of disability discrimination and workplace harassment.

38. In or around late November of 2016, BROWN's insults and taunting had become so frequent and harmful and the work environment so hostile that Plaintiff worried that the distress caused

by Defendants' conduct could have a substantially detrimental effect on her disability, jeopardizing Plaintiff's ability to keep working.

39. In or around late November 2016, Plaintiff requested a reasonable accommodation in the form of a transfer to another department, away from Defendant BROWN, so that she could minimize her exposure to BROWN's discriminatory comments and the resulting distress suffered by Plaintiff. In the alternative, Plaintiff also suggested corrective action to be taken by supervisors, such as instructing BROWN to stop calling Plaintiff "crazy."

40. However, CHIEN neglected to provide Plaintiff with any feedback regarding Plaintiff's request for an accommodation. CHIEN ignored Plaintiff's reasonable request for an accommodation and did not engage in any interactive discussion about Plaintiff's request for accommodation.

41. In late November, Plaintiff sent an email to CHIEN, wherein Plaintiff expressed objections to CHIEN's continued failure grant reasonable accommodation in addressing the harassment and disability discrimination Plaintiff faced on a nearly daily basis. In that email, Plaintiff warned that if she was not granted reasonable accommodation, she would have no other reasonable alternative than to file a complaint against Defendant with the appropriate employment rights enforcement agency.

42. Within a matter of days after sending that email, CHIEN acknowledged this complaint in her response to the email and in a staff meeting she convened approximately 2 days later wherein she admonished employees to resolve such disputes, including complaints of discrimination, amongst themselves. CHIEN led Plaintiff to believe that her complaints about discrimination and harassment would be addressed in another meeting a few days later with Defendant LOCCISANO.

43. Around December 9, 2016 Plaintiff attended the meeting with LOCCISANO, in the

anticipation of good-faith discussion to resolve the workplace discrimination, harassment, retaliation and hostile work environment. However, the meeting was scheduled for the sole purpose of informing Plaintiff she was terminated.

44. In the December 9, 2016 meeting, Defendants attempted to introduce a customer service complaint as pretext for their decision to terminate Plaintiff. However, Plaintiff explained that the customer had actually been dissatisfied with their experience in dealing with BROWN, not the Plaintiff, and that the customer had complained to Plaintiff about BROWN.

45. Despite this explanation and despite the fact that Plaintiff had not been the subject of any customer complaints or write-ups for nearly eleven (11) months and because Plaintiff engaged in protected activities, on or about December 9, 2016, Defendants summarily terminated Plaintiff in retaliation for her complaints about the discriminatory comments and harassment she was subjected to by BROWN and for her complaints about Defendants' failure to engage in the interactive process of exploring the reasonable accommodations she requested so that her disability would not be exacerbated by Defendant BROWN's discriminatory harassment and taunting.

46. Defendants BROWN, CHIEN, CHEN and LOCASSIANO perceived claimant to be disabled due to her mental health impairments.

47. Defendants discriminated against, retaliated against and terminated Plaintiff because of her disability, her perceived disability, because of her request for a reasonable accommodation because she complained of and opposed the unlawful conduct of Defendant(s) related to the above protected classes.

48. Defendants discriminated against Plaintiff on the basis of Plaintiff's disability and on the basis of Plaintiff's perceived disability. Defendants retaliated against Plaintiff for Plaintiff's

engaging in protected activity, including making complaints about discrimination and harassment as well as taking FMLA leave, and complaints of discrimination. Further, Defendants interfered with and retaliated against Plaintiff for, *inter alia*, attempting to exercise Plaintiff's protected rights under the ADA and to intermittent FMLA leave.

49. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

50. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

51. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

52. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

54. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

55. Plaintiff claims unlawful discharge and also seeks reinstatement.

56. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

57. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

58. Plaintiff hereby demands reinstatement.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendants)

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. Plaintiff claims Defendant BERGDORF GOODMAN INC. violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

61. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

62. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual

with whom the qualified individual is known to have a relationship or association."

63. Defendant BERGDORF GOODMAN INC. violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's associated disability.

64. Defendant BERGDORF GOODMAN, INC. violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
## (Not Against Individual Defendants)

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

67. Defendant BERGDORF GOODMAN INC. violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR VIOLATIONS OF THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
## (Not Against Individual Defendants)

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. Section 2612 of the Family Medical Leave Act (FMLA) states in pertinent part:

(a) In general

(1) Entitlement to leave

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

70. Defendant BERGDORF GOODMAN INC. violated the above and Plaintiff suffered numerous

damages as a result.

**AS A FOURTH CAUSE OF ACTION
FOR RETALIATION AND INTERFERENCE UNDER THE
<u>FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.</u>
<u>(Not Against Individual Defendants)</u>**

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint as if the same were set forth herein fully at length.

72. Section 2615 of the FMLA states as follows:

Prohibited acts

(a) Interference with rights

(1) Exercise of rights

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

73. Defendant BERGDORF GOODMAN INC. unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise Plaintiff's rights under the above section and discriminated and retaliated against Plaintiff for opposing Defendant's unlawful employment practice and attempting to exercise Plaintiff's rights.

74. Defendant BERGDORF GOODMAN INC. violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW (Against All Defendants)

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

77. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's mental health condition, harassing Plaintiff, and causing a hostile work environment.

78. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

79. Defendants violated the above and Plaintiffs suffered numerous damages as a result.

### AS A SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### NEW YORK STATE LAW
### (Against All Defendants)

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

82. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff.

83. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER
### NEW YORK STATE LAW
### (Against All Defendants)

84. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

85. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

86. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling

and/or coercing the discriminatory behavior as stated herein.

87. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (Against All Defendants)

88. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

90. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's associated disability.

91. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

92. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A NINTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

93. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

94. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

95. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

96. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

97. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

98. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

99. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

100. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR INTERFERENCE UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

101. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

102. Section 8-107(19), entitled "Interference with protected rights" provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

103. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TWELFTH CAUSE OF ACTION
### FOR SUPERVISOR LIABILITY UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

104. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

105. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the

employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

106. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

### JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Date:   February 11, 2019
        New York, New York

                                        Respectfully Submitted,

                                        **DEREK SMITH LAW GROUP, PLLC**

                                        Seamus P. Barrett, Esq.
                                        One Penn Plaza, Suite 4905
                                        New York, New York 10119
                                        (212) 587-0760